12 F.3d 1107
 RICO Bus.Disp.Guide 8461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert E. NEAL; Edward L. Thompson; Lorna Wickman; Mark
Brubeck, Plaintiffs-Appellants,
v.
COMPUTER CAREER INSTITUTE, INC.; Concorde Career Colleges,
Inc., Defendants-Appellees.
 No. 92-35091.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1993.
Decided Dec. 9, 1993.
 
 1
 Before REINHARDT, BRUNETTI, and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Appellants, former students of appellee Computer Career Institute, Inc. ("CCI"), appeal the district court's grant of summary judgment for defendants on their claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Secs. 1961-68, which also resulted in the dismissal of their state-law claims for lack of pendent jurisdiction. The two RICO claims, based upon Sec. 1962(a) and Sec. 1962(c), respectively, alleged that CCI's owner, Concorde Career Colleges, Inc. ("CCC"), (and/or perhaps CCI) was a racketeering enterprise because certain of CCI's employees engaged in a pattern of mail and wire fraud in furtherance of the enterprise. Appellees do not contest appellants' basic characterization of the facts.
 
 
 4
 Under the law of this circuit, claims under 18 U.S.C. Sec. 1962(a) must include allegations of injury from the use or investment of racketeering proceeds, not merely from the predicate acts of racketeering themselves. Nugget Hydroelectric, L.P. v. Pacific Gas & Electric Co., 981 F.2d 429, 437 (9th Cir.1992), cert. denied, 113 S.Ct. 2336 (1993). Appellants made no such allegations in their pleadings in the district court; the suggestion that use of the proceeds kept the enterprise "alive" to injure more unsuspecting victims, possibly including appellants, is merely circular. Accordingly, the district court did not err in granting summary judgment for appellees with respect to appellants' Sec. 1962(a) claim.
 
 
 5
 With respect to appellants' claim under Sec. 1962(c), we recognize that the district court did not, in rendering its opinion, have the benefit of this circuit's subsequent decision in Brady v. Dairy Fresh Products Co., 974 F.2d 1149 (9th Cir.1992). We thus vacate and remand for further factual determinations by the district court ( see Brady, 974 F.2d at 1154-55) as to: (1) what entity was the enterprise; (2) for what entity the employees were agents; (3) whether a corporate entity, separate from the enterprise, did benefit from the actions of those employees; and (4) any other matters necessary to determine the Sec. 1962(c) issue in light of Brady.
 
 
 6
 We further direct that the pendent state causes of action be reinstated while the district court reconsiders appellants' Sec. 1962(c) claim.
 
 
 7
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3